**UNITED STATES v. STROMBERG et al.**

District Court. D. Idaho. S. D. September 7, 1929.

No. 672.

H. E. Ray, U. S. Dist. Atty., of Boise, Idaho.

E. L. Rayborn and Porter & Taylor, all of Twin Falls, Idaho, for defendants.

CAVANAH, District Judge. Defendants move to suppress as evidence a quantity of moonshine whisky and all information regarding the same discovered and obtained by a search made without a search warrant about August 14, 1929, on the premises which they assert was their place of residence, for the reason that it was made in violation of the Fourth Amendment to the Constitution.

The record upon which the motion is submitted consists of affidavits and evidence taken at the hearing. The house claimed to be the residence of the defendants is a cabin situated on the land of the Northside Land & Investment Company, who leased the land to G. S. Batty, and the cabin was built by one Johnson for the use of his employee when feeding sheep there in the winter. Counsel was to further ascertain whether Johnson had any right to lease the premises to the defendant Angier, and, if so, to inform the court, but, failing to do so, I must conclude that he did not have such right, and, such being the case, it would seem that the defendants were trespassers there. The premises were in a remote place, and showed no evidence of being occupied as a residence, as there was nothing in or about it showing that it was being used or occupied bona fidely by the defendants as a residence.

Further, the uncontradicted evidence shows that the officer saw liquor there on the outside of the cabin before he attempted to make the search, from which he acquired direct knowledge that a crime was being committed in his presence, and from which he had authority to enter the building and arrest the perpetrators, and incidentally to search it. The facts here are similar to those in the case of Stakich v. United States (C. C. A.) 24 F. (2d) 701. The principle is well settled that, if one has possession of intoxicating liquor, and an officer sees that, before entering the premises and making the search, a crime is then being committed within the presence of the officer which authorizes him to make a search without a search warrant, and this case coming under that principle, the motion to suppress will be denied.